**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50089 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-02306-LAB |
| v. | |
| OSCAR ANDRES MACIAS-SANDOVAL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Oscar Andres Macias-Sandoval appeals from the district court's judgment and challenges the 72-month sentence imposed upon remand following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Macias-Sandoval contends the district court misapplied the minor role Guideline, U.S.S.G. § 3B1.2, by failing to compare his culpability to that of the other participants in his criminal scheme. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The record does not support Macias-Sandoval's claim that the court improperly compared him to the hypothetical average courier. Rather, the court acknowledged its obligation to compare Macias-Sandoval to known and likely co-participants in the offense and conducted that comparison. *See United States v. Diaz*, 884 F.3d 911, 916-17 (9th Cir. 2018). Having done so, the court concluded, based on the facts of this particular case, that Macias-Sandoval was not "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A). The court applied the correct legal standard and, in light of the totality of the circumstances, did not abuse its discretion in denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

**AFFIRMED.**